UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DANIEL LOPEZ,
    Plaintiff,
vs.

SERGE RENARD and TACO WAY LLC,
    Defendants.

## COMPLAINT

Plaintiff, DANIEL LOPEZ (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, SERGE RENARD and TACO WAY LLC (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 3145 Commodore Plaza, Miami, FL 33133 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

**1.** Plaintiff, DANIEL LOPEZ, is a resident of Miami, Florida, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. In 2008 Daniel became a bilateral amputee, above the knee, due to surgery. He is bound to ambulate in a wheelchair. His access to

the facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the facility, including but not limited, to those set forth in the Complaint.

4. Defendant, SERGE RENARD, is an individual which is authorized to and does transact business in the State of Florida and within this judicial district.

5. Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, SERGE RENARD, is the owner and/or operator/manager of the real property located on or 3145 Commodore Plaza, Miami, FL 33133 (hereinafter the "Subject Premises"). This is the building where the Subject Premises is located.

6. Defendant, TACO WAY LLC, is a LLC which is authorized to and does transact business in the State of Florida and within this judicial district.

7. According to the Florida Department of Business and Professional Regulation, the Defendant, TACO WAY LLC, was licensed on June 17, 2020 to provide Permanent Food Service and Seating and occupies 3145 Commodore Plaza, Miami, FL 33133 as a restaurant known as "CASA XABI".

8. The Subject Premises is owned and/or operated by the Defendants and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

9. Plaintiff visited the Subject Presmises to dine and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

10. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 14. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

11. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

12. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

13. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

14. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

1. Inaccessible dining tables located at exterior dining area.
2. Required minimum knee and toe clearance not provided at dining tables located at exterior dining area.
3. A minimum percentage of existing dining tables required to be accessible not provided at exterior dining area.

   ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.
   Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
   ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.
   Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
   ADAAG 902.2 Clear Floor or Ground Space.
   A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
   ADAAG 306.2 Toe Clearance.
   ADAAG 306.2.3 Minimum Required Depth.

   Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
   ADAAG 306.2.5 Width.
   Toe clearance shall be 30 inches (760 mm) wide minimum.
   ADAAG 306.3 Knee Clearance.
   ADAAG 306.3.3 Minimum Required Depth.

   Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
   ADAAG 306.3.5 Width.
   Knee clearance shall be 30 inches (760 mm) wide minimum.

4. Inaccessible dining tables located at interior dining area.
5. Required minimum knee and toe clearance not provided at dining tables located at interior dining area.
6. A minimum percentage of existing dining tables required to be accessible not provided at interior dining area.

   ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.
   Where dining surfaces are provided for the consumption of food or

drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
ADAAG 306.2 Toe Clearance.
ADAAG 306.2.3 Minimum Required Depth.

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
ADAAG 306.2.5 Width.
Toe clearance shall be 30 inches (760 mm) wide minimum.
ADAAG 306.3 Knee Clearance.
ADAAG 306.3.3 Minimum Required Depth.

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
ADAAG 306.3.5 Width.
Knee clearance shall be 30 inches (760 mm) wide minimum.

7. Inaccessible bar.
8. Non-compliant height of bar exceeds maximum height allowance.
9. Required minimum knee and toe clearance not provided at bar.
10. Portion of bar required to be accessible not provided.
    ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.
    Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.
    ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.
    Dining surfaces and work surfaces shall comply with 902.2 and 902.3.
    Advisory 902.1 General.
    Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.
    ADAAG 902.2 Clear Floor or Ground Space.
    A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.
    ADAAG 902.3 Height.

> The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.
> ADAAG 306.2 Toe Clearance.
> ADAAG 306.2.3 Minimum Required Depth.
>
> Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.
> ADAAG 306.2.5 Width.
> Toe clearance shall be 30 inches (760 mm) wide minimum.
> ADAAG 306.3 Knee Clearance.
> ADAAG 306.3.3 Minimum Required Depth.
>
> Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.
> ADAAG 306.3.5 Width.
> Knee clearance shall be 30 inches (760 mm) wide minimum.

11. Compliant signage identifying the first of two restrooms not provided as required.

   > ADAAG 216 Signs ADAAG 216.1 General.
   > Signs shall be provided in accordance with 216 and shall comply with 703.
   > ADAAG 216.2 Designations.
   > Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with
   > 703.2 and 703.5.
   > Advisory 216.2 Designations.
   > Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.
   > Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.
   > ADAAG 703.1 General.
   > Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters,

> shall be provided.
> ADAAG 703.4.1 Height Above Finish Floor or Ground.
> Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.
> ADAAG 703.4.2 Location.
> Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

12. Non-compliant door knob at door of the first of two restrooms requires twisting of the wrist.
    > ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.
    > Doors, doorways, and gates that are part of an accessible route shall comply with 404.
    > ADAAG 404.2.7 Door and Gate Hardware.
    > Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground.
    > ADAAG 309.4 Operation.
    > Operable parts shall be operable with one hand and shall not require tight grasping, pinching,
    > or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

13. Inaccessible water closet in the first of two restrooms.
14. Required minimum clearance not provided at water closet in the first of two restrooms.
    > ADAAG 604 Water Closets and Toilet Compartments
    > ADAAG 604.3 Clearance.
    >
    > Clearances around water closets and in toilet compartments shall comply with 604.3.
    > ADAAG 604.3.1 Size.
    > Clearance around a water closet shall be 60 inches (1525 mm)

>  minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

15. Inaccessible flush control at water closet in the first of two restrooms.
16. Non-compliant position of flush control located at closed side of water closet in the first of two restrooms.

>  ADAAG 604 Water Closets and Toilet Compartments.
>  ADAAG 604.6 Flush Controls.
>
>  Flush controls shall be hand operated or automatic. Hand operated flush controls shall comply with 309. Flush controls shall be located on the open side of the water closet except in ambulatory accessible compartments complying with 604.8.2.

17. Inaccessible hand soap dispenser in the first of two restrooms.
18. Non-compliant mounted height of hand soap dispenser in the first of two restrooms exceeds maximum height allowance.

>  ADAAG Advisory 606.1 General.
>  If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
>  ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.
>  Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
>  ADAAG 308.2.2 Obstructed High Reach.
>  Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
>  ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.
>  Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be
>  15 inches minimum above the finish floor or ground.
>  ADAAG 308.3.2 Obstructed High Reach.
>  Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

19. Inaccessible hand dryer in the first of two restrooms.
20. Non-compliant mounted height of hand dryer in the first of two restrooms exceeds maximum height allowance.
    ADAAG Advisory 606.1 General.
    If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
    ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.
    Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.
    ADAAG 308.2.2 Obstructed High Reach.
    Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.
    ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.
    Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be
    15 inches minimum above the finish floor or ground.
    ADAAG 308.3.2 Obstructed High Reach.
    Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

21. Inaccessible mirror in the first of two restrooms.
22. Non-compliant mounted height of mirror in the first of two restrooms exceeds maximum height allowance.
    ADAAG 603.3 Mirrors.
    Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
    Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

23. Compliant signage identifying the second of two restrooms not provided as required.
    ADAAG 216 Signs ADAAG 216.1 General.

Signs shall be provided in accordance with 216 and shall comply with 703.

ADAAG 216.2 Designations.

Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with
703.2 and 703.5.

Advisory 216.2 Designations.

Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.

Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.

ADAAG 703.1 General.

Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided.

ADAAG 703.4.1 Height Above Finish Floor or Ground.

Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.

ADAAG 703.4.2 Location.

Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side. Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf. Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door. Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall. Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

24. Non-compliant door knob at door of the second of two restrooms requires twisting of the wrist.

> ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.
> Doors, doorways, and gates that are part of an accessible route shall comply with 404.
> ADAAG 404.2.7 Door and Gate Hardware.
> Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm) maximum above the finish floor or ground.
> ADAAG 309.4 Operation.
> Operable parts shall be operable with one hand and shall not require tight grasping, pinching,
> or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

25. Inaccessible water closet in the second of two restrooms.
26. Required minimum clearance not provided at water closet in the second of two restrooms.
    > ADAAG 604 Water Closets and Toilet Compartments
    > ADAAG 604.3 Clearance.
    >
    > Clearances around water closets and in toilet compartments shall comply with 604.3.
    > ADAAG 604.3.1 Size.
    > Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

27. Inaccessible toilet paper dispenser in the second of two restrooms.
28. Non-compliant position of toilet paper dispenser from water closet in the second of two restrooms.
    > ADAAG 604 Water Closets and Toilet Compartments.
    > ADAAG 604.7 Dispensers.
    >
    > Toilet paper dispensers shall comply with 309.4 and shall be 7 inches (180 mm) minimum and
    > 9 inches (230 mm) maximum in front of the water closet measured to the centerline of the dispenser.

29. Inaccessible hand soap dispenser in the second of two restrooms.
30. Non-compliant mounted height of hand soap dispenser in the second of two restrooms exceeds maximum height allowance.
    > ADAAG Advisory 606.1 General.
    > If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.
    > ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.
    > Where a forward reach is unobstructed, the high forward reach shall be

48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.

ADAAG 308.2.2 Obstructed High Reach.

Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.

Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be

15 inches minimum above the finish floor or ground.

ADAAG 308.3.2 Obstructed High Reach.

Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

31. Inaccessible hand dryer in the second of two restrooms.
32. Non-compliant mounted height of hand dryer in the second of two restrooms exceeds maximum height allowance.

    ADAAG Advisory 606.1 General.

    If soap and towel dispensers are provided, they must be located within the reach ranges specified in 308.

    ADAAG 308.2 Forward Reach. ADAAG 308.2.1 Unobstructed.

    Where a forward reach is unobstructed, the high forward reach shall be 48 inches maximum and the low forward reach shall be 15 inches minimum above the finish floor or ground.

    ADAAG 308.2.2 Obstructed High Reach.

    Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches maximum where the reach depth is 20 inches maximum. Where the reach depth exceeds 20 inches, the high forward reach shall be 44 inches maximum and the reach depth shall be 25 inches maximum.

    ADAAG 308.3 Side Reach. ADAAG 308.3.1 Unobstructed.

    Where a clear floor or ground space allows a parallel approach to an element and the side reach is unobstructed, the high side reach shall be 48 inches maximum and the low side reach shall be

>> 15 inches minimum above the finish floor or ground.
> ADAAG 308.3.2 Obstructed High Reach.
> Where a clear floor or ground space allows a parallel approach to an element and the high side reach is over an obstruction, the height of the obstruction shall be 34 inches maximum and the depth of the obstruction shall be 24 inches maximum. The high side reach shall be 48 inches maximum for a reach depth of 10 inches maximum. Where the reach depth exceeds 10 inches, the high side reach shall be 46 inches maximum for a reach depth of 24 inches maximum.

33. Inaccessible mirror in the second of two restrooms.
34. Non-compliant mounted height of mirror in the second of two restrooms exceeds maximum height allowance.
   > ADAAG 603.3 Mirrors.
   > Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground.
   > Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

**15.** The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

**16.** The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**17.** The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities

involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

18. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

19. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

20. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.  However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendants continue to operate the Subject Premises in violation of the ADA and ADAAG.

21. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendants as long as the Subject Premises remains in non-compliance with the ADA.

22. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

23. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

24. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

25. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

26. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, FL 33432
(561) 800-0405
WassenbergL@gmail.com